IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TODD MAURICE HAYES,

    Petitioner,

v.                                           Civil Action No. 5:10CV11
                                                            (STAMP)
WARDEN JAMES N. CROSS

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

On January 22, 2010, Todd Maurice Hayes, an inmate at the Hazelton United States Penitentiary Satellite Camp in Bruceton Mills, West Virginia, filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner then filed two amended documents.

The petitioner was sentenced on February 2, 1994. His projected release date, via good conduct time, is February 11, 2011. Pursuant to Bureau of Prisons ("BOP") policy, the petitioner's case manager, Tammy Titchenell began his Residential Reentry Center ("RRC") review. He requested consideration and placement in an RRC for the statutory maximum of 12 months. His case manager determined he would benefit from the maximum placement and prepared a memorandum to be signed by the Warden and forwarded

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

to the regional director. The camp administrator did not agree with the recommendation and the review for that placement ended there. The petitioner also stated that he wanted to relocate his district of supervision from the Southern District of West Virginia to the Southern District of Ohio. Titchenell transferred and the petitioner was assigned a new case manager, Robert West ("West").

In his petition, the petitioner asserts that Bureau of Prisons ("BOP") abused its discretion by relying on General Counsel memorandum to determine his RRC placements in violation of 18 U.S.C. § 3624(c). He argues that the decision contradicted Congress' directive that RRC placement time be of sufficient duration to provide the greatest likelihood of successful reintegration into the community. Further, he argues that the BOP failed to establish an incentives program as mandated by the Second Chance Act. Lastly, he argues that the camp administrator was not qualified to deny his twelve month and subsequent nine month RRC placement recommendations.

According to the respondent, as of February 25, 2010, West had still not heard from probation on whether they were willing to accept the petitioner into the Southern District of Ohio for supervision upon release. Because he had not received a determination on the relocation issue, West stated he had not yet submitted a final RRC referral recommendation form to the camp administrator and warden. The petitioner's relocation request was approved by probation, but the petitioner allegedly refused to sign

the agreement because he indicated he was waiting on the court to act on his petition. The RRC referral was not completed because the petitioner would not sign the agreement. On May 20, 2010, the petitioner signed the agreement. On June 10, 2010, an RRC referral recommendation was prepared. The petitioner is scheduled to report to the Alvis House residential Program in Columbus, Ohio on September 15, 2010. The petitioner will spend 150 days in an RRC.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge David J. Joel for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Joel directed the respondent to file an answer to the petition. The respondent filed a motion to dismiss, or in the alternative, motion for summary judgment. After reviewing the matter, the magistrate judge entered an order directing the respondent to submit the petitioner's official RRC referral form. The respondent provided that form along with a supplemental response, to which the petitioner filed a reply. The petitioner also filed a motion for immediate release or authorization to be placed on home confinement.

On July 12, 2010, the magistrate judge issued a report and recommendation, recommending that the respondent's motion to dismiss be granted, the petitioner's petition be denied and dismissed with prejudice and the petitioner's letter motion for immediate release or authorization to be placed on home confinement

3

be denied. After reviewing the applicable statute and the Second Chance Act, the magistrate judge concluded that the petitioner's Unit Team made its review on an individual basis and considered the appropriate factors in recommending that he be placed in an RRC for a period of five to six months. The magistrate judge stated that because one case manager believed that a twelve month term was appropriate versus the second case manager concluding that a five month term was appropriate does not establish that the BOP was either derelict in its duties or wrong. He found no evidence that the decision was arbitrary, capricious, or an abuse of discretion. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation.

On July 29, 2010, the petitioner filed objections. The petitioner believes that the magistrate judge failed to address his contentions and his most important argument. The petitioner objects to the report and recommendation "because it is based on the RRC recommendation of Mr. West, which came after the fact and did not go through the BOP Administrative Remedy Process." The petitioner states that the factual background is based solely on the perspective of the respondent, not the petitioner. The petitioner states that the magistrate judge failed to determine if the BOP considered § 3624(c)(6)(C) when it determined the six month RRC placement was adequate. He also argues that the magistrate

4

judge did not examine whether the petitioner was prejudiced by the BOP not establishing an incentive program, which was mandated by Congress.  Third, the petitioner states that the magistrate judge failed to determine if the camp administrator abused his discretion.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

The Second Chance Act of 2007 provides that the Director of the BOP shall ensure a prisoner spends a portion of his final months of incarceration under conditions that will afford the prisoner a "reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."  18 U.S.C. § 3624(c)(1).  The Second Chance Act provides that the decision to house a prisoner in a RRC shall be made on an individualized basis.  Pursuant to 18 U.S.C. § 3621(b), the BOP must consider five factors

when determining the period for RRC placement. The factors include the following:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the offender;

(4) any statement by the court that imposed the sentence --

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

The BOP issued a memorandum on April 14, 2008 entitled "Pre-Release Residential Re-Entry Center Placements Following the Second Chance Act of 2007." This memorandum instructed that RRC placement is to be based on individualized review of each prisoner's case. It also states that should staff determine an inmate's pre-release RRC placement require more than six months, the Warden must obtain the Regional Director's written concurrence. The BOP issued another memorandum on September 3, 2008, which states that the BOP's goal is to place inmates in RRCs for the amount of time necessary to provide the greatest likelihood of successful reentry into the community. This memorandum states that an RRC placement more than six months will only be approved upon a showing of an inmate's extraordinary and compelling reentry needs. The majority

view is that the BOP's "requirement of regional director approval, and the agency's stated view that many inmates can have their needs [met] through 180-day placements, do not violate the Act." Ramos v. Holt, 2010 WL 2471707, *9 (M.D. Pa. May 5, 2010); Miller v. Whitehead, 527 F.3d 752, 755-58 (8th Cir. 2008). These BOP polices "simply reflect the [BOP's] exercise of its discretion in implementing the Act, an Act which provides that prison officials simply 'may' use community corrections facilities for up to 12 months to aid inmates in their return to society." Id. The majority view finds nothing "fundamentally offensive" about the BOP memoranda, "provided that each inmate receives the individualized consideration of this RRC placement called for by the Act." Id.

Congress has excluded 18 U.S.C. § 3621 and 18 U.S.C. § 3624 from judicial review under the APA pursuant to 18 U.S.C. § 3625. However, this Court may still review whether there is clear evidence of unconstitutional conduct or evidence that the agency acted outside the scope of its authority. Webster v. Doe, 486 U.S. 592 (1988); Turner v. Safley, 482 U.S. 78, 84 (1987); Procunier v. Martinez, 416 U.S. 396, 405 (1974). The magistrate judge correctly noted that the petitioner does not have a protected liberty interest in being placed in an RRC prior to his release. See Meachum v. Fano, 427 U.S. 215, 223 (1976) (finding that there is no constitutional right to be confined to a particular institution). Accordingly, because this decision rests with prison management, this Court cannot intervene unless BOP violated the Constitution.

7

In his report and recommendation, the magistrate judge found that the BOP did actually consider the five factors set forth in 18 U.S.C. § 3621(b) and that the petitioner had received all the consideration to which he is due thereunder. The referral form, read together with the progress report and other documents relating to the petitioner, show that the BOP made an individualized determination. West, the petitioner's case manager, found that five to six months in an RRC would be sufficient because the petitioner has been in prison for twenty years and has not secured post-incarceration employment and that the petitioner has an associate's degree and received a certificate from Purdue University for a Pest Control Technology course. Further, his case manager found the petitioner to be highly motivated and pointed to the petitioner's good to outstanding institution work ratings from the past year. The case manager also found that the petitioner has strong family support and important community ties. Additionally, this Court has viewed West's documentation that he reviewed all five factors.

As mentioned above, the petitioner objects to the report and recommendation "because it is based on the RRC recommendation of Mr. West, which came after the fact and did not go through the BOP Administrative Remedy Process." The petitioner states that the factual background is based solely on the perspective of the respondent, not the petitioner. The petitioner believes the magistrate judge failed to discuss three important issues: (1)

whether the BOP considered § 3624(c)(6)(C) when it determined the six month RRC placement was adequate; (2) whether the petitioner was prejudiced by the BOP not establishing an incentive program, which was mandated by congress; and (3) whether the camp administrator abused his discretion.

This Court has conducted a de novo review and concludes that the petitioner is not entitled to an order from this Court directing the BOP to transfer the petitioner to RRC placement for a longer period than has already been granted. In this case, the BOP referral form and related documents demonstrates that the petitioner's Unit Team complied with the Second Chance Act by conducting an individualized analysis of the § 3621(b) factors when determining the petitioner's length of RRC placement of between 150 and 180 days. Furthermore, the petitioner's case manager made a declaration that he did utilize the five enumerated factors in 18 U.S.C. § 3621(b) in determining the petitioner's RRC placement period. (Docket No. 13 at Ex. 2.) The petitioner has failed to present any credible information showing that this declaration is untruthful. Accordingly, this Court agrees with the magistrate judge's finding that the BOP has met all of its requirements by considering the § 3621 factors in determining the petitioner's RRC placement period.[2]

---

[2]This Court also agrees with the magistrate judge that two case managers coming to two different conclusions regarding placement length in an RRC does not establish that the BOP was incorrect.

This Court also finds that the magistrate judge did address in his report and recommendation every contention addressed by the petitioner. The magistrate judge thoroughly discussed the Second Chance Act and explained that as long as the BOP individually determined his RRC placement based on the five statutory factors, there was no constitutional violation. The magistrate judge also found no evidence that the petitioner's placement was arbitrary, capricious, or an abuse of discretion. After a <u>de novo</u> review of the evidence, this Court agrees.

IV. <u>Conclusion</u>

For the reasons set forth above, this Court concludes, after a <u>de novo</u> review, the ruling of the magistrate judge is ADOPTED and AFFIRMED in its entirety. Accordingly, the petitioner's letter motion for immediate release or authorization to be placed on home confinement is DENIED; the respondents' motion to dismiss, or in the alternative, motion for summary judgment is GRANTED; and the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: August 24, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE